**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomas G. Boyle, Sr. and
Georgia M. Boyle,

               Plaintiffs,

v.

United States of America,

               Defendant.

No. CV-25-00590-TUC-EJM

**REPORT AND RECOMMENDATION**[1]

On October 21, 2025, Plaintiff Thomas G. Boyle and Georgia M. Boyle filed a *pro se* Motion for Declaratory Judgment—Federal Patent Rights Determination (Doc. 1), which was construed as a Complaint upon filing. Plaintiffs' Complaint seeks an Order opining on whether they hold certain federal patent rights to property in Arizona and whether those rights include "perpetual federal reservations for canals, ditches, and flumes[.]" *See* Compl. (Doc. 1) at 1–2. Plaintiffs paid the $405.00 civil action filing fee upon initiating this cause of action. USDC Ariz. Receipt No. 400002891 (Doc. 2). For the reasons discussed below, the undersigned Magistrate Judge recommends dismissal of this lawsuit for a lack of subject matter jurisdiction.

. . .

. . .

---

[1] A Magistrate Judge shall prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott for cases where the status of election by parties is incomplete. General Order No. 21-25. Accordingly, this Report and Recommendation is directed to the Honorable Raner C. Collins.

## I.     AUTHORITY TO SCREEN A COMPLAINT

A district court has the inherent power to control its own docket, which includes "the disposition of the causes . . . with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This power includes the "authority to dismiss frivolous or transparently defective suits spontaneously, . . . sav[ing] everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citations omitted) ("[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim[.]"). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted).

## II.     LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs assert that federal question jurisdiction exists in this case based upon Federal Question Jurisdiction; the United States Constitution, Article III, Section 2; and the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. (Doc. 1) at 1. Plaintiffs urge that "[t]his action arises directly under federal law and presents pure questions of federal patent law requiring judicial determination." *Id*. at 2. Plaintiffs further assert that "[f]ederal courts possess exclusive jurisdiction over patent matters." *Id*. at 5 (citing 28 U.S.C. § 1338(a)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Accordingly, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also, Flast*, 392 U.S. AT 94–5.

A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case can 'aris[e] under' federal law in two ways[,] [m]ost directly . . . when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (second alteration in original) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). This is known as federal question jurisdiction. The Supreme Court has also identified a "slim category" of cases where a claim which "finds its origins in state rather than federal law" may still "arise under" federal law. *Id*. at 258. For this "special and small category" of cases, "federal jurisdiction over a state law claim will lie if a federal issues is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. This case does not "arise under" federal law and the Court lacks subject matter jurisdiction.[2]

"A land patent is a document used by the government to transfer ownership of public land to a private person." *Kidgell v. County of Merced*, No. 2:24-cv-1580 TLN SCR (PS), 2025 WL 28183, at *4 (E.D. Cal. Jan. 3, 2025) (citing *Land patent*, Black's Law Dictionary (12th ed. 2024)). It is well-established that "[f]ederal land patents and acts of Congress do not provide bases for federal question jurisdiction." *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). The Supreme Court of the United States has unequivocally stated:

> A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If

---

[2] Plaintiff has been told repeatedly that federal land patents do not confer federal question jurisdiction, but persists in filing additional lawsuits. The Hon. Scott H. Rash warned Plaintiff that filing "any future lawsuits concerning the same or similar subject matter without a reasonable basis for jurisdiction above and beyond § 945 and federal land patents, he may be subject to an appropriate sanction for filing a frivolous lawsuit." *Boyle v. United States*, No. CV-25-00444-TUC-SHR, Order Dismissing Case at 2 n.1 (D. Ariz. Aug. 22, 2025), ECF No. 8.

- 3 -

it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.

*Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912); *see also Virgin*, 201 F.3d at 1143 (quoting same). "A claim related to a land patent requires the complaint to identify a substantive source of law that has been violated."[3] *Daniels v. United States*, No. 17-1598 C, 2018 WL 1664476, at *8 (Fed. Cl. Apr. 6, 2018) (citations omitted).

Plaintiffs have not identified any substantive source of law that has been violated. *Shulthis*, 225 U.S. at 570 ("a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress"). The Complaint "seeks judicial determination of two critical federal questions":

1.   Whether I hold federal patent rights to the property located at 5134 East Fort Lowell Road, Tucson, Arizona (SW 1/4 of NE 1/4, Section 35, T13S, R14E, Gila Salt River Base Meridian); and

2.   Whether the federal patent includes perpetual federal reservations for ditches, canals, and flumes pursuant to 43 U.S.C. § 945, which cannot be extinguished, privatized, or altered by state court proceedings.

(Doc. 1-1) at 2. There is no controversy described in the Complaint or Plaintiffs additional, improper, "supplemental" filings. Furthermore, federal courts do not issue advisory opinions. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). "For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite[,] [and] [t]his is as true of declaratory judgments as any other field." *Id*. (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

---

[3] As an initial matter, Plaintiff confounds a "land patent" with a "patent" right. *Jenan v. Tevelde*, No. CV-F-04-6632 REC SMS, 2005 WL 8176390, at *2 (E.D. Cal. Apr. 27, 2005). "A patent must concern a 'new and useful process machine, manufacture, or composition of matter, or any new and useful improvement thereof.'" *Id*. (quoting 35 U.S.C. § 101). Therefore, "Plaintiff's claims do not arise under federal patent laws pursuant to 28 U.S.C. [§] 1338(a)[.]" *Id*.

- 4 -

sufficient immediacy any reality to warrant the issuance of a declaratory judgment." *Id.* (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Court's review of Plaintiffs' voluminous filings has not unearthed any controversy, let alone a substantial one, between the parties.

"The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen,* 511 U.S. at 377). Plaintiffs have failed to meet this burden. Furthermore, there is nothing in the many documents filed by Plaintiffs that would suggest they can allege any claim that would fall under the jurisdiction of this Court. Therefore, the undersigned recommends finding the Court lacks subject matter jurisdiction over Plaintiff's Complaint and it should be dismissed.

### III.    MOTIONS FOR DECLARATORY JUDGMENT

Plaintiff has also filed two (2) additional Motions for Declaratory Judgment (Docs. 5 and 16). These documents do not provide any additional information which would establish subject matter jurisdiction. Furthermore, to the extent that the seek review of state court judgments, they are precluded by the *Rooker-Feldman* Doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 450 U.S. 462, 483 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291–92 (2005). "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The undersigned recommends that they be denied as moot following dismissal of the Complaint.

. . .

. . .

- 5 -

## IV.    RECOMMENDATION

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins.

For the reasons delineated above, the Magistrate Judge RECOMMENDS that the District Judge enter an order:

(1)    DISMISSING Plaintiffs' Complaint (Doc. 1) for a lack of subject matter jurisdiction;

(2)    DENYING Plaintiffs' Motions for Declaratory Judgment (Docs. 5 and 16) as MOOT; and

(3)    Directing the Clerk of the Court to close its file in this matter.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from Judge Collins.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

IT IS FURTHER ORDERED that the Clerk of Court shall assign this matter to the Honorable Raner C. Collins for the limited purpose of resolving this Report and Recommendation.

Dated this 20th day of July, 2026.

Eric J. Markovich
United States Magistrate Judge