**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Thomas G. Boyle, Sr. and Georgia M. Boyle,

Plaintiffs,

v.

United States of America,

Defendant.

No. CV-25-00590-TUC-EJM

**ORDER**

On July 20, 2026, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in the above captioned matter pursuant to General Order 21-25. Judge Markovich recommended this Court dismiss Plaintiffs' Complaint (Doc. 1) with prejudice for lack of subject matter jurisdiction and deny the pending motions for declaratory judgment (Docs. 5, 16) as moot. (Doc. 20.) Plaintiffs have filed objections to the R&R. (Doc. 22.) Plaintiffs have also filed a Supplemental Argument in Support of Objection to Report and Recommendation (Doc. 24.) Upon review, the Court will adopt the R&R, dismiss this case with prejudice, and deny the pending motions as moot.

## I. Standard of Review

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects. When a party objects, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at request of a party, under a *de novo* or any other standard." *Id*. at 154.

**II. Magistrate Judge's R&R**

Judge Markovich's R&R indicated that Plaintiffs' Complaint alleged the Court had jurisdiction over the case based on federal question jurisdiction based on patent law and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 20 at 2.) Judge Markovich observed that "Plaintiff[s] confound[] a 'land patent' with a 'patent' right." (Doc. 20 at 4 n.3.) Following a review of Plaintiffs' Complaint and federal jurisdiction over claims related to land patent, the Magistrate Judge determined this court lacks subject matter jurisdiction. (*Id*. at 3–5.) Among the Complaints' failings, the Magistrate Judge noted that 1) it did not identify "any substantive source of law that has been violated"; and 2) there was no controversy described sufficient to satisfy the case or controversy requirement for federal jurisdiction. (*Id*. at 4–5.) Judge Markovich observed that "there [was] nothing in the many documents filed by Plaintiffs that would suggest they can allege any claim that would fall under the jurisdiction of this Court." (*Id*. at 5.) He found that no facts could be alleged that would give the Court jurisdiction and concluded that dismissal for lack of jurisdiction is appropriate. (*Id*.) The Magistrate Judge further determined that Plaintiffs' motions for declaratory judgment did not supply information supporting subject matter jurisdiction and that they should be denied as moot following dismissal of the Complaint. (*Id*.)

**III. Plaintiffs' Objections**

Plaintiffs object, claiming 1) "[t]he Report's jurisdictional conclusion is too narrow

and should be rejected or, at minimum, tested after amendment"; 2) "[t]he declaratory-judgment claims are not moot"; 3) "[d]ismissal should not be ordered without leave to amend"; and 4) "[c]losure of the case is premature." (Doc. 22 at 2–3.) Plaintiffs assert that "[a]t a minimum, the [Complaint] presents a federal controversy sufficient to require careful de novo review before dismissal." (*Id*. at 2.) They believe that the controversy "remains live" because they "seek a judicial declaration regarding the existence and scope of asserted federal rights." (*Id*. at 3.) Plaintiffs urge that they "should be given an opportunity to clarify the jurisdictional basis, identify the federal controversy with greater precision, and align the requested relief with the Court's pleading requirements." (*Id*.) They also note that "the matter should remain open pending de novo review." (*Id.*)

## IV. Discussion

Having reviewed Plaintiffs' filings in this case, the Court finds that Judge Markovich's conclusions are thorough and well-reasoned. The District Court lacks subject matter jurisdiction over Plaintiffs' claims against Defendant United States because Plaintiffs do not present a case that arises under federal law or any actual controversy.

It is true that complaints drafted by pro se litigants are held to less stringent standards than complaints formally filed by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But, to avoid dismissal, even pro se plaintiffs must provide a cognizable legal theory and allege sufficient facts to support that theory. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal with prejudice is appropriate if the complaint's deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). Undersigned is the fourth judge in this district to inform Plaintiffs that federal land patents do not confer federal question jurisdiction.[1] Furthermore, "[i]n our system of

---

[1] *Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996 v. Boyle, et al.*, No. CV-25-00273-TUC-JCH, Order (D. Ariz. June 18, 2025), ECF No. 12; *Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996 v. Boyle, et al.*, No. CV-25-00274-TUC-SHR, Order (D. Ariz. June 13, 2025), ECF No. 9; *Boyle v. United States of America*, No. CV-25-00444-TUC-SHR, Order Dismissing Case (D. Ariz. Aug. 22, 2025), ECF No. 8; *Boyle v. United States*, No. CV-25-00590-TUC-EJM, R&R (Doc. 20).

government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "Th[is] limitation requires those who invoke the power of a federal court to demonstrate . . . a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (internal quotations and citations omitted). Furthermore, the case or controversy requirement extends to cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Medimmune, Inc. v. Genentech, Inc., et al.*, 549 U.S. 118, 126 (2018) (recognizing that the phrase "case or actual controversy" in the Declaratory Judgment Act refers to Article III "cases" and "controversies."). Nothing in the Complaint, objections, or Plaintiffs' improper, untimely supplemental objections (Doc. 24) establishes a live controversy.

Furthermore, the Magistrate Judge properly recommended denial of the pending declaratory judgment motions as moot upon a finding that this Court lacks jurisdiction over Plaintiffs' Complaint. "A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation and quotation marks omitted). This Court lacks jurisdiction over Plaintiffs' Complaint and therefore lacks jurisdiction over any motions pending within that case.

Finally, leave to amend a complaint "should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130–31 (citations omitted). Here, there is no possibility that Plaintiffs could allege additional facts that would establish jurisdiction. The Magistrate Judge's recommendation for dismissal without leave to amend was therefore appropriate. Moreover, upon dismissal of the Complaint, closure of the case is proper.

Accordingly, **IT IS ORDERED** that:

(1) Magistrate Judge Markovich's Report and Recommendation is **ADOPTED**.

(Doc. 20.);

(2) Plaintiffs' Complaint is **DISMISSED** for a lack of subject matter jurisdiction. (Doc. 1.);

(3) Plaintiffs' Motions for Declaratory Judgment are **DENIED AS MOOT**. (Docs. 5 and 16.); and

(4) The Clerk of the Court shall close its file in this matter.

Dated this 29th day of September, 2026.

Honorable Raner C. Collins
Senior United States District Judge